UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20685-CR-WILLIAMS

UNITED STATES OF AMERICA

v.

FRANCISCO CONVIT GURUCEAGA,
JOSE VINCENTE AMPARAN CROQUER,
    *a.k.a., "Chente,"*
CARMELO ANTONIO URDANETA AQUI,
ABRAHAM EDGARDO ORTEGA,
GUSTAVO ADOLFO HERNANDEZ FRIERI,
HUGO ANDRE RAMALHO GOIS,
MARCELO FEDERICO GUTIERREZ ACOSTA Y LARA, and
MARIO ENRIQUE BONILLA VALLERA,

        Defendants.
_____/

## PROTECTIVE ORDER FOR ASSETS SUBJECT TO FORFEITURE

THIS CAUSE is before the Court upon application of the United States of America (the "United States") for entry of a post-Indictment protective order restraining and enjoining certain assets subject to forfeiture in order to preserve their availability for criminal forfeiture, pursuant to 21 U.S.C. § 853(e) as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c). Being fully advised in the premises and based on the United States' *Ex Parte* Application for Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e), and Memorandum of Law in Support Thereof, and for good cause shown thereby, the Court finds as follows:

1.      On August 16, 2018, a federal grand jury returned an Indictment charging Defendants Francisco Convit Guruceaga, Jose Vincente Amparan Croquer, a.k.a., "Chente," Carmelo Antonio Urdaneta Aqui, Abraham Edgardo Ortega, Gustavo Adolfo Hernandez Frieri, Hugo Andre Ramalho Gois, Marcelo Federico Gutierrez Acosta y Lara, and Mario Enrique

Bonilla Vallera (collectively, the "Defendants") with conspiracy to commit money laundering, substantive counts of money laundering, and substantive counts of interstate and foreign travel in aid of racketeering, all in violation of 18 U.S.C. §§ 1952 and 1956. *See* Indictment, ECF No. 19.

2.      The Indictment also contained forfeiture allegations, which alleged that upon a conviction of a violation of 18 U.S.C. § 1956, as alleged in the Indictment, the Defendants shall each forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 5. The Indictment also alleged that upon conviction of a violation of 18 U.S.C. § 1952, as alleged in the Indictment, the Defendants shall each forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C), which is made criminally applicable by 28 U.S.C. § 2461(c). *Id.* at 5-6.

3.      The Indictment, in paragraph 4 of the forfeiture allegations, alleged that the property subject to forfeiture includes, but is not limited to:

(i)      A sum of money equal in value to all property, real or personal, involved in the charged offenses, and any property traceable to such property, which may be sought as a forfeiture money judgment;

(ii)     A total of approximately $45,585,667.46 in U.S. currency, which includes:

(a)      Approximately $5,999,710.00 in U.S. currency seized on or about December 19, 2017;

(b)      Approximately $35,488,967.72 in U.S. currency seized on or about January 8, 2018; and

(c)      Approximately $4,096,989.74 in U.S. currency recovered on or about July 17, 2018;

(iii)     Real property located at 18555 Collins Avenue, Unit 2205, Sunny Isles Beach, Florida 33160;

(iv)     All assets on deposit in account number 1466054 at City National Bank held in the name of GSTF SHARE CLASS C;

(v)     All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited to:

    (a)     Approximately 5,000 Global Securities Trade Finance Class D Series D-1; and

    (b)     Approximately 15,813.315 LU0928615466 Fenice SICAV SIF – Eagle Global;

(vi)     All assets on deposit in account/portfolio number 10.608645 at Zarattini & Co Bank in Lugano, SWITZERLAND, including, but not limited to:

    (a)     Approximately 16,000 Fenice SICAV-SIF SCA SICAV-SIF – Eagle Global; and

    (b)     Approximately 24,405.72 Fenice SICAV-SIF SCA SICAV – Blu.

(vii)     All assets on deposit in account number Z1ULD767 at Valbury Capital Ltd. in London, UNITED KINGDOM;

(viii)     Real property located at Residencial Santa Maria Signature, Apartments 9-A and 9-B, including fixtures and furnishings, in Panama, PANAMA; and

(ix)     Real property located at Residencial Santa Maria Signature, Apartments 2-A, 2-B, 3-B, 5-B, 6-B, 7-B, 8-A, 11-A, 11-B, including fixtures and furnishings, in Panama, PANAMA.

4.     Prior to its deliberations, the grand jury was specifically instructed that, upon a

finding of probable cause to support the criminal offenses charged in the Indictment, it should also determine whether there is a probable cause to support that the specific assets listed in items (ii) through (ix) above are subject to forfeiture as alleged in the Indictment.

5.     The grand jury subsequently returned the Indictment.

6.     Pursuant to 21 U.S.C. § 853(e)(1)(A), upon filing of the Indictment, the Court is authorized to enter a restraining order, injunction, or *take any other action* to preserve the availability of property subject to criminal forfeiture.

7.     Pursuant to 21 U.S.C. § 853(e)(4)(A), the Court is authorized to order any of the Defendants to repatriate any property that may be seized and forfeited, and to direct that such property be deposited, pending trial, with the U.S. Secretary of the Treasury.

Based on the foregoing, the United States' *Ex Parte* Application for Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e), is **GRANTED**, and it is hereby,

**ORDERED** that:

1.     The following assets listed in the forfeiture allegations of the Indictment are **ENJOINED AND RESTRAINED** in order to preserve their availability for criminal forfeiture (collectively, the "Subject Assets"):

a.     A total of approximately $45,585,667.46 in U.S. currency, which includes:

i.   Approximately $5,999,710.00 in U.S. currency seized on or about December 19, 2017;

ii.  Approximately $35,488,967.72 in U.S. currency seized on or about January 8, 2018; and

iii. Approximately $4,096,989.74 in U.S. currency recovered on or about July 17, 2018;

b.     Real property located at 18555 Collins Avenue, Unit 2205, Sunny Isles Beach, Florida 33160;

c.     All assets on deposit in account number 1466054 at City National Bank held in the name of GSTF SHARE CLASS C;

d.     All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited to:

     i.     Approximately 5,000 Global Securities Trade Finance Class D Series D-1; and

     ii.     Approximately 15,813.315 LU0928615466 Fenice SICAV SIF – Eagle Global;

e.     All assets on deposit in account/portfolio number 10.608645 at Zarattini & Co Bank in Lugano, SWITZERLAND, including, but not limited to:

     i.     Approximately 16,000 Fenice SICAV-SIF SCA SICAV-SIF – Eagle Global; and

     ii.     Approximately 24,405.72 Fenice SICAV-SIF SCA SICAV – Blu.

f.     All assets on deposit in account number Z1ULD767 at Valbury Capital Ltd. in London, UNITED KINGDOM;

g.     Real property located at Residencial Santa Maria Signature, Apartments 9-A and 9-B, including fixtures and furnishings, in Panama, PANAMA; and

h.     Real property located at Residencial Santa Maria Signature, Apartments 2-A, 2-B, 3-B, 5-B, 6-B, 7-B, 8-A, 11-A, 11-B, including fixtures and furnishings, in Panama, PANAMA.

2.     The Defendants, including their respective agents, representatives, servants,

employees, attorneys, family members, those persons in active concert or participation with the Defendants, and financial institutions or other persons or entities holding or with custody of any of the Subject Assets, are **ENJOINED AND RESTRAINED** from selling, transferring, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the dissipation, disposal (by transfer of stock or otherwise), or removal from the jurisdiction of this Court of any of the Subject Assets, or any assets traceable thereto, without prior approval of the Court and upon notice to the United States and an opportunity for the United States to be heard, except as provided in this Order.

3.      Any financial institution, entity, or person with title, custody and/or control of any of the Subject Assets is **AUTHORIZED** to transfer title, custody, and/or control of such asset to the United States, upon consent of the United States and in accordance with applicable law.

4.      Any financial institution, entity, or person holding an account in which any of the Subject Assets are on deposit is **DIRECTED** to continue to receive and credit assets and monies to such account, and take no offset against, or to allow any transfer or withdrawal from such account, without the consent of the United States or until further order of this Court.

5.      Any financial institution, entity, or person holding an account in which any of the Subject Assets are on deposit is **FURTHER DIRECTED** to provide to law enforcement agents, upon the United States' request, with the account's current balance and records reflecting any and all activity from the date of service of this Order until the conclusion of the above-captioned criminal case and any related forfeiture proceedings so that restraint of the Subject Assets can be monitored during the pendency of the case.

6.     The United States is **AUTHORIZED AND DIRECTED** to serve a copy of this

Order on any individual or entity that the United States believes may be in control or possession

of any of the Subject Assets.

7.     This Order shall remain in full force and effect until further order of this Court.

**SO ORDERED** this ____ day of ____ 2018 in Chambers at Miami, Florida.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc:     Nalina Sombuntham, Assistant U.S. Attorney (2 certified copies)

7