UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20685-CR-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FRANCISCO CONVIT GURUCEAGA, et al.,

    Defendants.
                                         /

IN RE

BRITESTAR WORLDWIDE LTD.,
CORP. and SKY INVESTMENT AND
FIELD CONSTRUCTION CORP.,

    Third-Party Petitioners.
                                         /

**UNITED STATES' RESPONSE IN OPPOSITION TO
BRITESTAR WORLDWIDE LTD., CORP. AND SKY INVESTMENT AND
FIELD CONSTRUCTION CORP.'S THIRD-PARTY PETITION, ECF NO. 169**

The United States of America (the "United States") files this response in opposition to Britestar Worldwide Ltd., Corp. ("Britestar") and Sky Investment and Field Construction Corp.'s ("Sky")[1] (collectively, "Petitioners") Third-Party Petition ("Petition"), ECF No. 169. Petitioners have prematurely requested that the Court "adjudicate their rightful interests" in four real properties that have been identified as subject to forfeiture as substitute assets in recorded notices

---

[1] The Petition indicates that one of the Petitioners is "Skye Investment and Field Construction Corp." (later also referred to as "Skye Investment" in the Petition). *See* Petition, ECF No. 169. However, based on public records, the correct spelling for the relevant entity is "Sky Investment and Field Construction Corp." without an "e." *See, e.g.*, Exhibit D (Miami-Dade County Property Appraiser online record for 194 Isla Dorado Blvd); Exhibit E (Florida Department of State, Division of Corporations online record for Sky Investment and Field Construction, Corp.).

of *lis pendens*. *See* Petition 1-2. These real properties have not yet been forfeited. Consequently, Petitioners' request for relief under the third-party forfeiture provisions of 21 U.S.C. § 853(n) is premature and should be denied. In support of its opposition, the United States submits the attached declaration of Special Agent Alan Vega of Homeland Security Investigations ("HSI") and the following legal and factual bases.

## I.     FACTUAL AND PROCEDURAL HISTORY

On August 16, 2018, a federal grand jury returned a nine-count Indictment that charged Defendant Mario Enrique Bonilla Vallera and others in Count 1 with conspiracy to commit money laundering in violation 18 U.S.C. § 1956(h). Indictment, ECF No. 19.

The Indictment contained forfeiture allegations, which alleged that upon a conviction of a violation of 18 U.S.C. § 1956, the defendants shall each forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 5.

The Indictment further alleged that if any property subject to forfeiture, as result of any act or omission of a defendant, (i) cannot be located upon the exercise of due diligence; (ii) has been transferred or sold to, or deposited with, a third party; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). *See id.* at 7. The United States alleged that the following substitute assets, among others, were subject to forfeiture pursuant to 21 U.S.C. § 853(p) (collectively, the "Subject Properties"):

   i.   Real property located at 194 Isla Dorada Boulevard, Coral Gables, Florida 33143 ("Isla Dorada Property");

    ii. Real property located at 6905 Prado Boulevard, Coral Gables, Florida 33143 ("Prado Property");

    iii. Real property located 465 Brickell Avenue, Unit 619, Miami, Florida 33131 ("Brickell Property"); and

    iv. Real property located at 655 Casuarina Concourse, Coral Gables, Florida 33143 ("Casuarina Property").

*See id.* at 8.

On August 17, 2018, the Government recorded notices of *lis pendens* in Miami-Dade County with respect to the Subject Properties, providing notice of their possible forfeiture pursuant to 21 U.S.C. § 853(p) in the above-captioned criminal action. *See* Notice of Filing of Recorded *Lis Pendens,* ECF No. 36; Second Notice of Filing of Recorded *Lis Pendens*, ECF No. 43. The notices of *lis pendens* further indicated that, pursuant to 21 U.S.C. § 853(k), "no party claiming an interest in property subject to forfeiture may commence an action at law or equity against the United States concerning their validity of their interest after the filing of an indictment." *See* Notice of Filing of Recorded *Lis Pendens*; Second Notice of Filing of Recorded *Lis Pendens.*

As discussed in the attached agent declaration and below, the Subject Properties are associated with Defendant Mario Enrique Bonilla Vallera. *See* Exhibit A (HSI Special Agent Vega's Declaration).

On September 26, 2018, this Court issued an order transferring the criminal case against Defendant Mario Enrique Bonilla Vallera to fugitive status. *See* Order Transferring Case to Fugitive Status, ECF No. 47.

On January 16, 2020, Petitioners filed the instant Petition alleging an interest in the Subject Properties. *See* Petition, ECF No. 169.

On January 16, 2020, the Court ordered the United States to respond to the Petition by January 30, 2020. *See* Order, ECF No. 170.

## II.    MEMORANDUM OF LAW

### A. The Petition Is Prematurely Filed Under 21 U.S.C. § 853(k), (n) and Fed. R. Crim. P. 32.2

The Petition should be denied because it is premature and statutorily prohibited. Pursuant to 21 U.S.C. § 853(k), "no party claiming an interest in property subject to forfeiture may . . . intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section," except as provided in 21 U.S.C. § 853(n). 21 U.S.C. § 853(k); 18 U.S.C. § 982(b)(1) (incorporating the procedures set forth in 21 U.S.C. § 853); *see also* Notice of Filing of Recorded *Lis Pendens,* ECF No. 36 (providing notice of 21 U.S.C. § 853(k)); Second Notice of Filing of Recorded *Lis Pendens*, ECF No. 43 (same).

The procedures set forth in 21 U.S.C. § 853(n) make clear that third-party claims are to be addressed at the conclusion of the criminal case, following the entry of an order of forfeiture. *See* 21 U.S.C. § 853(n)(1), (2) ("Following the entry of an order of forfeiture . . . [a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may. . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property.").

As set forth in Rule 32.2 of the Federal Rules of Criminal Procedure, "[d]etermining whether a third party has . . . an interest *must be* deferred until any third party files a claim *in an ancillary hearing* under Rule 32.2(c)(2)." Fed. R. Crim. P. 32.2(b)(2)(A) (emphasis added). In other words, "Section 853 affirmatively bars interference by non-party petitioners outside of the ancillary proceeding described in Section 853(n) and in Federal Rule of Criminal Procedure 32.2(c)." *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010); *see also United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012) ("An ancillary proceeding constitutes the sole means by which a third-party claimant can establish entitlement to return of forfeited property.");

4

*United States v. Gilbert*, 244 F.3d 888, 910 (11th Cir. 2001) (in reviewing analogous provisions of 18 U.S.C. § 1963(k), stating that *post-conviction* ancillary proceeding is "exclusive means" for third parties to assert claims to forfeited property).

Here, Defendant Mario Enrique Bonilla Vallera has not yet been apprehended and convicted. Consequently, the Subject Properties have not yet been forfeited, and the criminal case has not proceeded to the forfeiture ancillary proceeding. As a result, the Petition is premature, and the Court should deny it.

### B.  The Petition Is Also Subject to Dismissal for Failing To Comply With 21 U.S.C. § 853(n)(3)

Additionally, even if the Court were to entertain Petitioners' premature invitation to adjudicate their interests in the Subject Properties, the Petition fails to comply with the pleading requirements set forth in 21 U.S.C. § 853(n)(3). Section 853(n) requires that:

> (3)  The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3). Federal courts demand "strict compliance" with these pleading requirements "primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Burge,* 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011) (dismissing petition that was not signed under penalty of perjury and did not state a claim). A third-party petition that fails to satisfy these pleading requirements is subject to dismissal without a hearing. *See* Fed. R. Crim. P. 32.2(c)(1)(A) (authorizing dismissal of a third-party petition "for lack of standing, for failure to state a claim, or for any lawful reason"); *United States v. Avila-Torres*, Case No. 17-20148-CR-SCOLA, 2019 WL 2177342, at *5 (S.D. Fla. May 20, 2019) (dismissing untimely petition that was not signed under penalty of perjury); *United States v. Natalie Jewelry*,

5

No. 14-CR-60094-BLOOM, 2015 WL 150841, at *3 (S.D. Fla. Jan. 13, 2015) (dismissing petitions that were not signed under penalty of perjury).

The Petition makes several factual allegations that are not verified or signed under penalty of perjury, including that Britestar and Sky are now "owned by Silva." *See* Petition 6-7. Furthermore, aside from indicating that Fernando Valero Gutierrez's ("Valero's") jewelry business generally funded the purchase of the Subject Properties, the Petition does not detail why the Subject Properties were titled to Britestar or Sky, and provides scant information on the transactions that resulted in the acquisition or maintenance of the Subject Property. *Compare* 21 U.S.C. § 853(n)(3) *with* Petition 2-5. Instead, Petitioners "do not dispute that some of Valero's customers had ties to government officials," and that Valero was acquainted with Raul Gorrin, who was indicted in 2018 on money laundering charges related to Venezuela corruption[2] and is the subject of OFAC sanctions.[3] Further troubling, the Petition states that "Valero was aware of no regulation requiring him to conduct background checks on his customers or to confirm the source of the funds used by his customers to purchase merchandise." *Compare* Petition 3, 5 *with United States v. Seher*, 562 F.3d 1344, 1365 (11th Cir. 2009) (upholding money laundering

---

[2] *See United States v. Raul Gorrin Belisario*, Case No. 9:18-80160-DIMITROULEAS (S.D. Fla).

[3] *See* Executive Order 13850 of Nov. 1, 2018, Blocking Property of Additional Persons Contributing to the Situation in Venezuela, *available at* https://www.treasury.gov/resource-center/sanctions/Programs/Documents/venezuela_eo_13850.pdf (among other provisions, blocking all property in the United States "owned or controlled by, or to have acted or purported to act for or on behalf of, directly or indirectly" for designated persons; OFAC Specially Designated Nationals and Blocked Persons List (Jan. 23, 2020), *available at* https://www.treasury.gov/ofac/downloads/sdnlist.pdf (indicating that Raul Gorrin is currently a designated person).

*See also* Venezuela-related Designations; Issuance of Venezuela-related General License; Publication of New FAQ (Jan. 8, 2019), *available at* https://www.treasury.gov/resource-center/sanctions/OFAC-Enforcement/Pages/20190108.aspx (announcing the designation of Raul Gorrin and others).

conviction of defendant, a jeweler, who sold jewelry to persons, who "never told him that they were involved in the drug business or that they were spending drug proceeds," but which "the jury could have reasonable assumed from circumstantial evidence that [the defendant] had such knowledge.").

The Petition also alleges, "Neither the named defendants nor any business entity which any of them is associated has held an interest of any kind in the [Subject Properties]." Petition 3. To the contrary, as discussed in Special Agent Vega's declaration, the Isla Dorada Property was Defendant Mario Enrique Bonilla Vallera's residence. *See* Exhibit A (HSI Special Agent Vega's Declaration) at 3. Further, based on the investigation in this case, funds involved in the charged money laundering conspiracy were to be transferred to a business associated with Valero. *See id.* In fact, as described in HSI Special Agent Vega's declaration, public records plainly demonstrate how Defendant Mario Enrique Bonilla Vallera's (the "Defendant") is connected to the Subject Properties and Petitioners:

    i. **Isla Dorada Property**

        a. The Defendant's driver's license indicated his residence was the Isla Dorada Property before he became a fugitive. *See* Exhibit F (DAVID record for Defendant).

        b. The Defendant was the director and/or officer of several limited liability corporations ("LLCs") that were registered to the Isla Dorada Property. *See* Composite Exhibit G (Articles of Incorporation for three LLCs registered at the Isla Dorada Property). The address listed for the Defendant on documents for these LLCs was the Isla Dorada Property. *Id.* at 3, 12, 21, 25-26.

    c. Cosme J. de la Torriente ("Torriente") was listed as the incorporator and/or registered agent of these LLCs. *See id.* at 7-9, 16-18, 27. Torriente was referenced in the Petition as the real estate attorney that Valero, listed as an officer/director of Britestar, hired to handle the legal aspects of the real estate transactions. *See* Petition 4.

    d. J.F., who is believed to be the Defendant's girlfriend, was the officer of another LLC registered at the Isla Dorada Property. *See* Exhibit H (Articles of Incorporation for Dark Iron). The registered agent of that business was listed as M.V., who is believed to be Valero's relative or associate. *See id.*

    e. The Defendant paid property taxes on the Isla Dorada Property in 2014 and 2015. *See* Composite Exhibit I (Isla Dorada Property tax receipts).

    f. The mailing address for the Isla Dorada Property is the Prado Property. *See* Exhibit D (Miami-Dade County Property Appraiser online record for the Isla Dorada Property).

    g. Sky, the titled owner of the Isla Dorada Property, was originally registered to the Prado Property. *See* Exhibit L (Articles of Incorporation for Sky).

## ii. Prado Property, Brickell Property, and Casuarina Property

    a. The Defendant was also the manager and registered agent of several LLCs that were registered to the Prado Property. *See* Composite Exhibit J (Articles of Incorporation for five LLCs registered at the Prado Property). The address listed for the Defendant on most of the documents for these LLCs was the Prado Property. *See id.* at 1-2, 6, 7-8, 10.

b. Britestar is the titled owner to the Prado Property, Brickell Property, and Casuarina Property. *See* Composite Exhibit B (Miami-Dade County Property Appraiser online records for the Prado Property, Brickell Property, and Casuarina Property).

c. The mailing address for the Prado Property, Brickell Property, and Casuarina Property is 155 SW 25th Road Miami, Florida 33129, an address titled to Torriente. *See* Composite Exhibit B (Miami-Dade County Property Appraiser online records for the Prado Property, Brickell Property, and Casuarina Property); Exhibit K (Miami-Dade County Property Appraiser online record for 155 SW 25th Road).

d. Torriente is the listed incorporator and/or registered agent for the Defendant's businesses registered to the Isla Dorada Property. *See* Composite Exhibit G (Articles of Incorporation for three LLCs registered at the Isla Dorada Property).

As a result, the Petition is not only premature, but also subject to dismissal as a deficient pleading that is not signed under penalty of perjury and fails to adequately set forth the circumstances under which either Britestar, Sky, Valero, or Silva acquired their purported interests in the Subject Properties.

### C. Notice of Lis Pendens Were Properly Recorded Against the Subject Properties

To the extent that the Petition can be construed as only requesting the release of the recorded notices of *lis pendens*, such notices do not restrain the Subject Properties and do not preclude Petitioners' ability to maintain and enjoy them pending the criminal case. *See United States v. Register*, 182 F. 820, 837 (11th Cir. 1999) ("In short, a filing of a lis pendens pursuant to state statute does not constitute a 'seizure' and does not affect property interests to an extent significant enough to implicate the Due Process Clause of the Fifth Amendment."). They function to provide notice that the United States may seek the forfeiture of the Subject Properties in the above-captioned matter. If Petitioners were to substantiate their claims that Defendant has no

9

interest in the Subject Properties, the United States would be willing to voluntarily release its recorded notices of *lis pendens* as it has done in related cases. *See, e.g.*, Release of Lis Pendens, ECF Nos. 37, 39, 40, *United States v. Gorrin Belisario*, Case No. 18-80160-CR-DIMITROULEAS (S.D. Fla.). To date, Petitioners have not contacted the United States to make such request, nor provided any documentation to support the factual allegations in the Petition or address the Defendant's public connections to the Subject Properties.

### III.   CONCLUSION

Accordingly, the United States opposes the Petition pursuant to 21 U.S.C. § 853(k) and (n)(2) because it was filed prior to the entry of an order of forfeiture and it was not signed under penalty of perjury.

Further, should the Court choose to construe the Petition as a motion for release of *lis pendens*, the United States respectfully requests that the Court deny that motion because a *lis pendens* is not a restraint in the Eleventh Circuit, and Petitioners have not come forward with sufficient evidence to show that they are the beneficial owners of the Subject Properties.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:   *s/ Nicole Grosnoff and Nalina Sombuntham*
      Nicole Grosnoff
      Court ID No. A5502029
      Nalina Sombuntham
      Fla. Bar No. 96139
      Assistant United States Attorneys
      99 N.E. 4th Street, 7th Floor
      Miami, Florida  33132-2111
      Telephone:  (305) 961-9294,  (305) 961-9224
      Facsimile:    (305) 530-6166
      nicole.s.grosnoff@usdoj.gov
      nalina.sombuntham@usdoj.gov