UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| FRANCISCO CONVIT GURUCEAGA, | § | |
| *et al.*, | § | |
| | § | |
| *Defendants*, | § | 1:18-CR-20685-KMW |
| | § | |
| v. | § | |
| | § | |
| BRITESTAR WORLDWIDE, LTD. | § | |
| CORP, SKY INVESTMENT AND | § | |
| FIELD CONSTRUCTION CORP. | § | |
| | § | |
| *Third-Party Petitioners.* | § | |

**THIRD-PARTY PETITIONERS' REPLY TO THE GOVERNMENT'S RESPONSE IN
OPPOSITION TO THIRD-PARTY PETITION**

Third-Party Petitioners Britestar Worldwide Ltd., Corp. ("Britestar") and Sky Investment
and Field Construction Corp. ("Sky Investment") ("Petitioners") file this Reply to the
Government's Response in Opposition to their notice and third-party petition, (ECF No. 172)
("Government's Response").

**I.**

As a preliminary matter, the Government contests the timing of the Third-Party Petition,
citing 21 U.S.C. Section 853(n) and Fed. R. Crim. P. 32.2.  The Government does not appear to
contest either (i) Petitioners' filing a notice of appearance through counsel, Michael J. Wynne, or
(ii) their right to receive electronic notice of all filings in this matter.

Petitioners request that electronic notice of all filings continue to ensure that appropriate
notice is provided to Petitioners if and when the criminal charges against Mario Enrique Bonilla

Vallera ("Bonilla") or any other named defendants are adjudicated.[1]  The Government concedes that Bonilla is not in custody and his whereabouts are unknown.   As a consequence, if the Third-Party Petition is dismissed (it should not be), the proceeding as it relates to Bonilla and Petitioner's property rights will be indefinitely on hold.  Petitioners therefore request that they continue to receive electronic filings to ensure that they are provided proper notice of future proceedings, which could be years in the making.

## II.

The Government's Response sheds scant light on the grounds for restricting the alienability of the Properties.  The Response claims that the Isla Dorada Property was Defendant Mario Enrique Bonilla's residence, citing to Exhibit A at page 3, Agent Vega's Declaration; but, Agent Vega makes no such statement on personal knowledge.  Moreover, the cited "evidence" – "indicat[ing]" to Agent Vega that Bonilla listed the Property as his address and as the address for certain limited liability companies— does not establish Bonilla's ownership or a claim that the property was purchased by Bonilla through Fernando Valero.  Indeed, Agent Vega concedes that Valero and his wife Yngrid Silva owned Britestar (the company that owns the property), and that Valero died, leaving Silva a widow and the ultimate owner of the property.  There is no connection between Silva and Bonilla.  There is no evidence that Silva had any knowledge of the Government's claims related to Bonilla.  Thus, she is left with the responsibility of financing and caring for the property without having the right to recoup her financial commitment.

The evidence cited by the Government related to Bonilla is circumstantial and conclusory, and thus no basis to encumber Ms. Silva's property rights indefinitely.  The Government's

---

[1] Third-Party Defendants do not waive any Constitutional or statutory right to assert their interests in the Properties before any such adjudication, including any claim that they have been deprived of their right to substantive and procedural due process.

argument amounts to an effort to justify a wrongful deprivation and taking of Ms. Silva's property.

The real issue before the Court is the indefinite nature of the Government's encumbrance of the Properties.  The Government concedes that they are encumbering the Properties as "substitute" assets related to charges pending against Bonilla, who "has not yet been apprehended and convicted."  Resp. at 5.  Because the Government does not know Bonilla's whereabouts, "the Subject Properties have not yet been forfeited, and the criminal case has not proceeded to the forfeiture ancillary proceeding."  And there is no indication that the case will ever proceed to such an ancillary proceeding.  The cases cited and relied upon by the Government, *see* Resp. at 4, do not address these circumstances, *i.e.*, the procedure for adjudicating a petitioner's rights when the property is subject to an indefinite encumbrance or taking by the Government because the target defendant's whereabouts are unknown.  The decisions are thus not helpful here.

Indeed, the Government's assertion that Petitioners (or Ms. Silva) can "continue to enjoy the Properties" pending resolution of this case is disingenuous:  Petitioners must continue to pay mortgages and taxes on the Properties or risk foreclosure while the Properties are encumbered indefinitely.   The target of the Government's indictment, Bonilla, is a fugitive.   If he is apprehended in the future – which is not guaranteed – Petitioners risk losing payments made to finance the properties and pay Florida taxes.  Petitioners' rights are indefinitely on hold.  Ms. Silva faces real financial consequences based on the Government's decision to categorize these Properties as substitute (and not direct) assets of an alleged conspiracy involving the fugitive Bonilla.  The Government's notice of *lis pendens* is akin to taking sticks from Petitioners bundle of property rights.

Finally, the Government urges dismissal based on Petitioner's alleged nonconformity with certain procedural requirements.  *See* Resp. at 5, sec. II.B.  To the extent that the Court agrees with

the Government, an order providing Petitioner with the right to amend to comply with statutory procedures is the appropriate remedy.

## III.

Petitioners have been privy to no discovery beyond what the Government has provided in its Response.  As previously stated, the conclusions stated in the affidavits filed by the Government are based largely on circumstantial evidence.  Accordingly, Petitioners request access to the Governments' complete discovery file to determine whether there is a basis to contest the Governments' intent to encumber the Properties indefinitely while their target Defendant's whereabouts remain unknown.

Petitioners further reserve the right supplement their petition as facts come to light and as they conduct their own investigation relating to the deceased Fernando Vallero's business transactions.

Finally, Petitioners reassert their right to an award of attorneys' fees pursuant to 28 U.S.C. § 2412(d)(1)(A) because the Government's encumbrance of the Properties is not substantially justified.

February 5, 2020.

Respectfully submitted,

GREGOR | WYNNE, PLLC

By: */s/ Michael J. Wynne*
       Michael J. Wynne
       Texas State Bar No. 00785289
       909 Fannin Street, Suite 3800
       Houston, TX 77010
       Direct: (281) 450-7403
       Fax: (713) 759-9555
       mwynne@gcfirm.com

       *Attorneys for Third-Party Petitioners*
       *Appearing Pro Hac Vice*

Of Counsel:

Robert D. W. Landon, III
Fla. Bar No. 961272
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100, Miami Center
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
rlandon@knpa.com

## CERTIFICATE OF SERVICE

       I certify that on February 5, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF, causing a copy to be served on counsel of record using the CM/ECF system.

                                   */s/ Robert D.W. Landon, III*
                                   Robert D.W. Landon, III