UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20685-Cr-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

       Plaintiff,

v.

FRANCISCO CONVIT GURUCEAGA, et al.,

       Defendants,

v.

BRITESTAR WORLDWIDE LTD., CORP.,
and SKY INVESTMENT AND FIELD
CONSTRUCTION CORP.

       Third-Party Petitioners.
_____/

**ORDER ON THE THIRD-PARTY PETITIONERS' MOTION
TO REMOVE PROPERTIES FROM A FORFEITURE LISTING**

This matter is before the Court on Britestar Worldwide Ltd. Corp.'s ("Britestar") and Sky Investment and Field Construction Corp.'s ("Sky Investment") (collectively, "Third Party Petitioners") motion for the Court to remove certain properties from a list of assets subject to forfeiture. [D.E. 169]. The United States of America (the "Government") responded to the motion on January 29, 2020 [D.E. 172] to which the Third-Party Petitioners replied on February 5, 2020. [D.E. 176]. Therefore, the motion is now ripe for disposition. After carful consideration of the

1

motion, response, reply, relevant authority, and for the reasons discussed below, the Third-Party Petitioners' motion is **DENIED**.[1]

## I.   ANALYSIS

On August 16, 2019, a federal grand jury returned a nine-count indictment that charged Mario Enrique Bonilla Vallera ("Mr. Vallera") and other named defendants in this case with money laundering, a conspiracy to commit money laundering, and racketeering. The indictment contained allegations that the defendants in this case shall forfeit to the Government any property, real or personal, that was involved in the underlying offense and any property traceable to the conduct. Specifically, the Government alleged that four properties could be subject to forfeiture pursuant to 21 U.S.C. § 853(p), including real property located at (1) 194 Dorada Boulevard in Coral Gables, Florida (the "Isla Dorada Property"), (2) 6905 Prado Boulevard in Coral Gables, Florida (the "Prado Property"), (3) 465 Brickell Avenue, Unit 619 in Miami, Florida 33131 (the "Icon Property"), and (4) 655 Casuarina Concourse in Coral Gables Florida (the "Casuarina Property") (collectively, the "Subject Properties).

On August 17, 2018, the Government recorded notices of *lis pendens* in Miami-Dade for the Subject Properties and gave notice of their possible forfeiture pursuant to 21 U.S.C. § 853(p). "The purpose of a lis pendens is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property

---

[1] On January 30, 2020, the Honorable Kathleen Williams referred the Third-Party Petitioners' motion to the Undersigned Magistrate Judge for disposition. [D.E. 173].

in litigation is subject to the decree of the court. It is simply a notice of pending litigation." *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972) (citing *Allstate Finance Corp. v. Zimmerman*, 272 F.2d 323, 325 (5th Cir. 1959)). The notices indicated that "no party claiming an interest in property subject to forfeiture may commence an action at law or equity against the United States concerning their validity of their interest after the filing of an indictment. [D.E. 172] (quoting Notice of Lis Pendens).

The Third-Party Petitioners argue that the Government prematurely and incorrectly classified the Subject Properties as potential substitute assets when there is *no* evidence that they are connected to the facts of this case. The Third-Party Petitioners also claim that the owner of these properties – Fernando Valero Gutierrez ("Mr. Gutierrez")[2] – was a prominent businessman and purchased these properties with assets from his successful jewelry store business. In other words, Mr. Gutierrez used the proceeds from his business to purchase the Subject Properties through his two companies, Britestar and Sky Investment.[3]

The Third-Party Petitioners request that the Court exclude the Subject Properties from the Government's list of assets potentially subject to forfeiture because federal law only authorizes the forfeiture of a *defendant's* property. *See* 21 U.S.C. § 853 ("In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the

---

[2] Mr. Gutierrez is now deceased to a fatal skydiving accident.

[3] Britestar owns the Prado Property, the Icon Property, and the Casuarina Property. Sky Investment owns the Isla Dorada Property.

defendant"). The Third-Party Petitioners suggest that this alone should end the Government's notices of *lis pendens* because the owners of the Subject Properties are Britestar and Sky Investment and not any of the named defendants in this case. If the Court allows for the forfeiture of a third-party's property due to a *de minimis* financial connection, the Third-Party Petitioners reason that it would result in an unjust expansion of 21 U.S.C. § 853. As such, they request that the Court remove the Subject Properties from the Government's list of assets subject to forfeiture and award the Third-Party Petitioners fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

Criminal forfeiture proceedings are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. If a defendant is convicted of any count upon which criminal forfeiture is sought, the court must, as soon as practical, determine whether the property is subject to forfeiture. *See* Fed. R. Crim. P. 32.2(b)(1). Specific property cannot be forfeited until the court determines whether the Government has established a nexus between the property sought and the underlying conviction. Once a court makes this determination, it must then enter a preliminary order of forfeiture ("POF") without any regard to a third party's interest in the property sought. *See* Fed. R. Crim. P. 32.2(b)(2). This POF authorizes the Attorney General to seize the property subject to forfeiture and to commence ancillary proceedings regarding third-party rights. *See* Fed. R. Crim. P. 32.2(b)(3), (c); *see also United States v. Petrie,* 302 F.3d 1280, 1284 (11th Cir. 2002).

After entering a POF, the court can determine whether any third parties have an interest in the forfeited property. This requires, however, that the third-

party file a timely petition in an ancillary proceeding. *See United States v. Marion*, 562 F.3d 1330, 1336-37 (11th Cir. 2009). At the end of the ancillary proceeding, the court "must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2). If, however, there are no third-party claims "the [POF] becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute." *Id.* Once the final order is entered, neither the defendant nor a third party may object claiming that a codefendant or a third party had an interest in the property. *Id.*

This process constitutes the only means in which a third-party claimant can establish entitlement to a return of forfeited property. *See* 21 U.S.C. § 853(n)(2); *Libretti v. United States,* 516 U.S. 29, 44 (1995) ("[T]hird-party claimants can establish their entitlement to return of the [forfeited] assets only by means of the hearing afforded under 21 U.S.C. § 853(n)."). "In fact, § 853 affirmatively bars third-party claimants from intervening in a trial or appeal of a criminal case involving the forfeiture of the subject property, as well as commencing an action against the Government concerning the validity of an alleged interest in the property." *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012) (citing 21 U.S.C. § 853(k)). Therefore, third parties have limited rights "to participate only in the ancillary forfeiture proceeding, not in the criminal case." *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010).

Here, the Third-Party Petitioners wish to bypass this entire process and have the Court determine whether the Government has a sufficient nexus between the property sought and the underlying convictions of the named defendants in this case. But, 21 U.S.C. § 853(k) makes it clear that "no party claiming an interest in property subject to forfeiture may . . . intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section," except as provided in 21 U.S.C. § 853(n). And the procedures included in 21 U.S.C. § 853(n) state that the disposition of third-party claims occur at the *end* of a criminal case. *See* 21 U.S.C. § 853(n) ("Following the entry of an order of forfeiture . . . [a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property."). An ancillary proceeding is therefore the only means by which a third-party can establish entitlement for the return of forfeited property because otherwise the third-party lacks standing. *See Cone*, 627 F.3d at 1359 ("The potential *monetary* injury constitutes no qualifying *legal* injury within the meaning of Article III that would allow ClearGlass to press its claim in this criminal case.") (citations omitted). Because Mr. Vallera has not been apprehended in this case and the Court has yet to enter a POF, the motion to remove assets subject to forfeiture is premature.

Not to be deterred, the Third-Party Petitioners complain that they should be allowed to bypass the ancillary proceeding requirements in 21 U.S.C. § 853 because the Government has encumbered the Subject Properties for an indefinite period of

6

time. The Third-Party Petitioners are concerned that, without any knowledge of Mr. Vallera's whereabouts, this case may never proceed to an ancillary proceeding – leaving them with no way to challenge the potential forfeiture of their properties. Because the Third-Party Petitioners must continue to pay the mortgage and taxes on the Subject Properties with no guarantee that Mr. Vallera will ever be apprehended, they conclude that their property rights are indefinitely on hold and that the notices of *lis pendens* must be removed.

This argument fails for several important reasons. The most obvious reason is that the Third-Party Petitioners have failed to reference a single case or statute that allows them to bypass the statutory procedure that Congress implemented with respect to third-party claims subject to criminal forfeiture. Instead, they invite the Court to simply sidestep the statute, but they fail to give any persuasive reason to do so given the clear statutory text and the abundance of Eleventh Circuit cases holding that this procedure must be followed.

A second reason their argument fails is because the notices of *lis pendens* are not a seizure of their properties. While "a notice of *lis pendens* on a defendant's property is constraining, making it virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit, a *lis pendens* does not constitute a 'seizure' because the defendant retains the 'right to alienate the property.'" *United States v. Bohning*, 321 F. App'x 855, 858 (11th Cir. 2009) (quoting *United States v. Register*, 182 F.3d 820 (11th Cir. 1999)). And if the Third-Party Petitioners are concerned

that this case may never proceed to an ancillary proceeding, they have the option of working cooperatively with the Government to substantiate their claim that the Subject Properties have no connection to the named defendants in this case. If the Third-Party petitioners do so, the Government – as it has done in recent cases – has stated that it is willing to voluntarily release the notices of pending litigation. While it appears that the Third-Party Petitioners have not contacted the Government to make this request, the Government has stated that the option remains open. Accordingly, the motion to remove the Subject Properties from a list of assets subject to forfeiture is **DENIED**.

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Third-Party Petitioners' motion to remove assets from a forfeiture listing is **DENIED**. [D.E. 169].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of February, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge